**Ernest and Linda LaBRIE d/b/a East Barre Mobile Home Park v. Nathaniel, Raffealla, Paul and Gina PHILLIPS**

[553 A.2d 149]

No. 87-043

September 12, 1988. Plaintiff-landlords of the East Barre Mobile Home Park appeal from an order dismissing their eviction complaint against defendant-tenants for failure to state a claim. We affirm.

Defendants Nathaniel and Raffealla Phillips, their son Paul and their daughter-in-law Gina are tenantss at the East Barre Mobile Home Park under a written lease agreement entered into with plaintiffs Ernest and Linda LaBrie. Paragraph 5e of the lease provides that:

> behavior which is considered promiscuous, offensive, or aggravating to other Lessees in the mobile home park shall be prohibited.

On March 9, 1986, defendant Paul Phillips and his brother Mark, who was not a tenant at the park, were clearing snow from the Phillips' driveway with hand shovels, while plaintiff Ernest LaBrie was plowing the street nearby. An argument occurred in which Ernest LaBrie told the Phillips brothers to stop putting snow where he was plowing and called the brothers derogatory names. Mark Phillips then struck Ernest LaBrie once in the face. Ernest LaBrie testified that a guest of another tenant was "in a position" to see the incident but no one testified to seeing the incident. Plaintiffs attempted to evict defendants from the park pursuant to Paragraph 5e for this latter act of Mark Phillips. The trial court found

that plaintiffs had not made out a violation of this provision of the lease.

Plaintiffs first argue that the behavior which occurred during this incident should be considered offensive or aggravating to other lessees as a matter of law. However, although the behavior of lessees' invitee Mark Phillips undoubtedly was offensive to lessor Ernest LaBrie, there was no evidence that it was offensive to other lessees, which is the requirement of the lease provision at issue. The evidence presented about the incident and the terms of the lease supports the trial court's findings and conclusions dismissing the complaint.

Plaintiffs also argue that the trial court erred in excluding evidence of prior incidents involving defendants. While evidence as to prior incidents involving these lessees may have been relevant, the trial court had broad discretion to exclude it as remote, *State* v. *Shaw*, 149 Vt. 275, 278, 542 A.2d 1106, 1107 (1987), or unduly prejudicial in light of its limited probative value. See V.R.E. 403. We will not disturb this ruling, especially as the exclusion of the evidence in question, if error at all, was harmless. No amount of evidence as to these tenants' past behavior could have tended to show whether this incident violated the cited lease provision.

*Affirmed.*