**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-135

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2023

David Buckley v. Elitsa Teneva\*

}   APPEALED FROM:
}   Superior Court, Bennington Unit,
}   Civil Division
}   CASE NO. 22-CV-03392
    Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

Tenant appeals the superior court's order entering judgement in landlord's favor in this eviction action. On appeal, tenant argues that the court erred in finding that her counterclaims were not proven by a preponderance of the evidence. We affirm.

The court found the following facts. In July 2019, the parties entered a rental agreement. Tenant resided in a unit that is next door to a commercial rental property. Tenant failed to make rental payments and was in arrears as of August 2022. Tenant was served with two notices to terminate the lease—one was for nonpayment of rent in September 2022 and the second was for no cause in November 2022.

Landlord filed this eviction action seeking ejectment for nonpayment of rent in September 2022. Tenant opposed ejectment asserting defenses including lack of habitability and illegal discrimination, and counterclaimed for damages. Landlord later amended his complaint to include a count for no-cause eviction. The court held a hearing in January 2023 at which both landlord and tenant testified. Tenant was in rental arrears of almost $5000 as of that time. Tenant did not contest the fact that she had stopped paying rent. Tenant asserted that the rental unit was not habitable due to noise from the commercial tenant next door, a lack of heat, and landlord's failure to provide a secure building. The court found that although the business was loud during operating hours and the noise prevented tenant from sleeping, tenant was aware of the business's existence when she decided to rent the unit. The court also found that tenant's apartment did not have reasonable heat for a short period of time during the winter and had doors that tenant did not believe were secure. Tenant did not, however, raise any of these concerns

with landlord. Tenant made various other allegations against landlord but the court did not find tenant's assertions credible. The court concluded that landlord was entitled to possession for no cause and for nonpayment of rent. The court declined to provide tenant with an offset for alleged violations of the warranty of habitability given that tenant did not provide landlord with actual notice of alleged violations as required by statute. See 9 V.S.A. § 4458.

On appeal, tenant does not challenge the fact that she stopped paying rent in April 2022 due to her financial circumstances or that she received the notices to quit. Tenant has submitted lengthy filings to this Court, and we address all the claims we can glean from her filings.

Tenant first argues that the evidence does not support the court's decision regarding her counterclaims for violations of the warranty of habitability. These claims included allegations that the apartment was inadequately heated, not secure, and excessively noisy. Pursuant to statute, a tenant may withhold payment of rent when a landlord fails to comply with the obligation to provide a habitable space if the tenant provides actual notice, the landlord "fails to make repairs within a reasonable time[,] and the noncompliance materially affects health and safety." 9 V.S.A. § 4458(a).

On appeal, "[w]e uphold the trial court's findings as long as they are supported by any credible evidence in the record." Whippie v. O'Connor, 2010 VT 32, ¶ 12, 187 Vt. 523. In reviewing the evidence, this Court defers to the trial court's weighing of the evidence and determinations regarding credibility. Id.

Here, the court found that tenant had not demonstrated that she gave landlord actual notice of the alleged noncompliance and therefore tenant was not entitled to an offset. As to the heat in tenant's apartment, landlord testified that the apartment was recently renovated, the heat was working, and that at no time did tenant advise him of items that were not functioning properly. Tenant testified that the heat was not turned on at times but conceded that she had not notified landlord about the lack of heat. Similarly, although tenant claimed that there was an issue with the lock on her back door, she did not testify that she gave landlord notice of this issue. Landlord stated that he did not get notice of an issue with the lock on the back door. This evidence supports the court's finding that tenant did not give landlord notice of the issues tenant had with the apartment and supports the court's legal conclusion that tenant was not entitled to an offset for alleged violations of the warranty of habitability.

Tenant also raises arguments concerning exhibits she submitted to the trial court both before and after the evidentiary hearing. She claims that the court did not have all the exhibits and did not properly consider them. The court's order indicates that the court had all of tenant's exhibits and that the court reviewed all the material that was nonhearsay. The trial court has discretion in admission of evidence and determining what is relevant. See LaBrie v. Phillips, 150 Vt. 652, 653 (1988) (mem.) (explaining that trial court has "broad discretion to exclude" evidence as remote and not relevant). Here, the court acted well within its discretion in excluding material that was not relevant or for which no foundation was provided. Moreover, tenant has not demonstrated how any of that evidence would have altered the court's determination that she was not entitled to an offset because she did not provide landlord with

2

actual notice of the alleged habitability issues in her apartment.  See <u>id</u>. (explaining that trial court's ruling will not be disturbed if harmless).

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice